FILED

NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

DEC 23 2014



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MILAN PAUL PAKES,

                Petitioner,

    v.

P.D. BRAZELTON,

                Respondent.

No. 13-16706

D.C. No. 3:11-cv-05284 CRB

MEMORANDUM[*]

On Appeal from the United States District Court
for the Northern District of California
Charles R. Bryer, Senior District Judge, Presiding

Argued and Submitted December 11, 2014
San Francisco, California

Before: TASHIMA and PAEZ, Circuit Judges, and BLOCK, District Judge.[**]

    Milan Paul Pakes, a California state prisoner, appeals the district court's

denial of his petition for habeas corpus under 28 U.S.C. § 2254. We have

jurisdiction under 28 U.S.C. § 2253(c) and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Frederic Block, Senior United States District Judge for
the Eastern District of New York, sitting by designation.

Trial counsel's stipulation that Pakes "intended to flee from the traffic accident because he reasonably believed he would be sent back to prison if apprehended" was not more prejudicial than the alternative evidence that Pakes was on parole. Such evidence was relevant to his intent to flee and admissible under California law. *See, e.g., People v. Scheer*, 68 Cal. App. 4th 1009, 1020 n.2 (Cal. Ct. App. 1998); *People v. Johnson*, 15 Cal. App. 4th 169, 176 (Cal. Ct. App. 1993). The stipulation was a sound strategic decision that did not prejudice Pakes. The state court's rejection of his ineffective assistance claim was therefore not contrary to, nor an unreasonable application of, *Strickland v. Washington,* 466 U.S. 668 (1984). *See* 28 U.S.C. § 2254(d)(1).

Pakes further argues that he was denied a fair trial due to cumulative prejudice resulting from several other errors made by his trial attorney and by the prosecutor. Since we cannot identify any individual error, no cumulative prejudice is possible. *See Hayers v. Ayers*, 632 F.3d 500, 504 (9th Cir. 2011).

**AFFIRMED.**